**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**PAUL AARON JAMES, JR.**                         **CIVIL ACTION**

**VERSUS**                                        **NO: 07-1046**

**SHERIFF JACK STRAIN**                           **SECTION: "A"(5)**

<u>**REPORT AND RECOMMENDATION**</u>

Plaintiff, Paul Aaron James, Jr., has filed this *pro se* and *in forma pauperis* action pursuant to 42 U.S.C. §1983, complaining about the treatment he received from December 13, 2006 to December 19, 2006, while incarcerated in a "holding cell" in the St. Tammany Parish Jail.  Plaintiff complains that during a portion of his stay in the holding cell, up until December 17, 2006, he was unable to take a shower.   Further, he was denied a toothbrush and was sometimes denied toilet paper.   Plaintiff's main complaint, however, is that he was "restrained and remanded to lay on bare concrete, brick".   For the following reasons, IT IS HEREBY RECOMMENDED that the instant action be DISMISSED WITHOUT PREJUDICE.

42 U.S.C. §1997e(a), enacted in 1996 by the Prison Litigation Reform Act ("PLRA"), provides that "[n]o action shall be brought

with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Further, on the standard §1983 complaint form, utilized by plaintiff in filing the instant action, prisoners are asked whether there is a prisoner grievance procedure at the particular institution in which they are incarcerated and whether they filed a grievance based upon the facts which form the basis of their complaint.  Plaintiff acknowledges on his complaint form that St. Tammany Parish Jail does have a prisoner grievance procedure and admits that he did not utilize the procedure, stating that he did not file a grievance. Plaintiff attributes his failure in this regard to the fact that he was confined in a "holding cell" and grievances are not "acknowledge[d]" until a prisoner is "placed into a housing unit".

This court, based upon its experience adjudicating complaints arising from prison conditions, takes judicial notice of the fact that a prisoner need not have access to grievance forms in order to submit a grievance at the St. Tammany Parish Jail.  He may use a sheet of paper, identifying same as an administrative grievance, in order to set forth his complaint.  Assuming, *arguendo*, that plaintiff, for the six days he was confined in a "holding cell", did not have access to any writing materials and could not submit

a grievance, he was not precluded from doing so after he was transferred to a "housing unit".   Plaintiff waited over a month after his December 19, 2006 release from St. Tammany Parish Jail's holding facility before submitting, on February 1, 2007, the instant §1983 action.[1]

Accordingly;

**RECOMMENDATION**

It is hereby **RECOMMENDED** that plaintiff's action be **DISMISSED WITHOUT PREJUDICE** due to plaintiff's failure to exhaust his administrative remedies as required under 42 U.S.C. §1997e.[2]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.   *Douglass v.*

---

[1]February 1, 2007 is the date plaintiff signed his civil rights complaint.

[2]*See Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833, 119 S.Ct. 88, 142 L.Ed.2d 69 (1998); *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997) (affirming district courts' *sua sponte* dismissals without prejudice for failure to exhaust administrative remedies).

*United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this ___7th___ day of ___May___, 2007.


_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

4